### COMMISSIONERS' COURT OF HARRIS COUNTY et al. v. KAISER et al.
### (No. 9346.)

Court of Civil Appeals of Texas. Galveston. Dec. 5, 1929.

Allen B. Hannay, of Houston, for appellants.

Ward & Ward, of Houston, for appellees.

PLEASANTS, C. J. This suit was brought by appellees against the county judge and county commissioners of Harris county, composing the commissioners' court of the county, and the superintendent and school trustees, composing the school board of the Humble independent school district of said county, to restrain the defendants from obstructing and preventing the free use by plaintiffs of a street in the unincorporated town of Humble which is and has heretofore been designated and maintained as one of the public roads of the county.

The plaintiffs are the owners of property, and reside on the street or roadway, and the trustees and members of a church organization that has a church building or place of worship on property fronting on the street.

The substance of the pleadings and evidence show that plaintiffs had acquired their property abutting upon the street after its dedication as a public highway, and have continuously used the street in going to and from their residences and place of worship for twenty years, until its use was interfered with and obstructed under the following order of the defendant commissioners' court:

"The State of Texas, County of Harris.

"On this the 18th day of June, A. D. 1927, at a Regular Meeting of the Commissioners Court of Harris County, Texas, at which meeting all of the Commissioners as well as

the County Judge were present and voted; by unanimous vote agreed upon the matters hereinafter set forth; came on to be heard the application of G. W. Norwood and seven other freeholders of Precinct No. 3 of Harris County, Texas, for the discontinuance of a portion of a public road being known as Avenue F beginning at Higgins Street and terminating at Herman Street in Humble, Harris County, Texas, and it appearing that notice of said application has been given as required by law and it further appearing that it is for the convenience of the public generally that a portion of said road should be discontinued as a public road between the hours of eight o'clock A. M. to three o'clock P. M. upon Monday, Tuesday, Wednesday, Thursday and Friday of each week beginning the first day of September of each year and continuing until the twentieth day of June of the year following, it being the intention of this order to discontinue the use of said public road as a public road upon the days, dates and at the times herein specified because it is deemed after a full hearing upon the matter, and for the convenience of the public generally, to have said road discontinued during said hours, which are the school hours for the primary school at Humble, Texas, located on said Avenue F between Higgins Street and Herman Street.

"It is therefore ordered, adjudged and decreed by the Court that the north one-half of Avenue F in the town of Humble, Harris County, Texas, lying between Higgins Street and Herman Street, shall be discontinued as a public road on each and every Monday, Tuesday, Wednesday, Thursday and Friday from the first day of September, A. D. 1927, to the twentieth day of June, A. D. 1928, and from said date in September until said date in June between the hours of eight o'clock A. M. and three o'clock P. M. on Monday, Tuesday, Wednesday, Thursday, and Friday during the succeeding years until further order of this Court.

"And it is further ordered, adjudged and decreed by the Court that a suitable barricade be placed at the entrance of Avenue F at both Higgins Street and Herman Street in order that automobiles and other vehicles cannot pass along or over said public road during the times and dates herein mentioned. Norman Atkinson, County Judge within and for Harris County, Texas."

The portion of the street closed by this order extends for a distance of two blocks, approximately 600 feet. The plaintiff church is situated on one of these blocks adjoining the closed portion of the street and some of the other plaintiffs own and reside upon lots situated on the closed portion of the street, and some who worship at the church, but whose residences are on the portion of the street not closed by the order, have long used the street as the most direct and convenient way to their church and the business portion of the town. Acting under this order, the defendants had closed the street as therein directed.

The trial in the court below without a jury resulted in a judgment in favor of plaintiffs, granting an injunction against the enforcement of the order.

The controlling question presented by this appeal is the validity of the order of the commissioners' court above set out, and we have had no difficulty in reaching the conclusion that the trial court was correct in holding the order unauthorized and void. However laudable the motive of the court in making the order may have been, it was clearly beyond the authority of the court to so impair and restrict the vested property rights in the street acquired by the plaintiffs by the purchase of property situated thereon after the dedication of the street to public uses.

It is well settled that one who buys property abutting on a street or roadway acquires a property interest in the street which entitles him to its use free from obstruction. Sante Fé Town-Site Co. v. Norvell (Tex. Civ. App.) 207 S. W. 960; Spencer v. Levy (Tex. Civ. App.) 173 S. W. 550; Bowers v. Machir (Tex. Civ. App.) 191 S. W. 758; Blair v. Astin (Tex. Civ. App.) 10 S.W.(2d) 1054; Powell v. Ry. Co., 104 Tex. 219, 135 S. W. 1153, 1155, 46 L. R. A. (N. S.) 615.

In the case last cited, our Supreme Court, speaking through the great Judge Brown, says:

"The ownership of the lot abutting upon the street carried with it as property the right of free and unimpaired access thereto and egress therefrom, and whatever impaired that right and caused a depreciation of the value of the lot constituted damage to the lot within the meaning of the Constitution. O'Brien v. Central Iron Co., 158 Ind. 218, 63 N. E. 302, 57 L. R. A. 508, 92 Am. St. Rep. 305; G., C. & S. F. R. Co. v. Fuller, 63 Tex. 467.

"It was not necessary that the obstruction should be in front of or near to the plaintiff's property, but the test of the right to recover in this action is: What effect did that crossing and the condition in which it was have upon the value of the plaintiff's property and upon the exercise of his right of egree and ingress?"

The question of the right of a city to close a street because its use was dangerous to children attending a public school situated thereon was expressly denied in the case of Stevens v. City of Dublin (Tex. Civ. App.) 169 S. W. 188, and the commissioners' court has no greater or superior authority to close or obstruct the use of a street or roadway in the use of which a citizen has a vested property right. That court is not invested with any general police power, and any at-

tempt by it to exercise such power is unauthorized, and when, as in this case, such attempt involves the taking of private property for public use, it is expressly inhibited by the provisions of our Constitution (art. 1, § 17). The power conferred upon that court by article 6703 of our Revised Statutes to discontinue any public road cannot be construed as authorizing the closing or obstruction of a roadway in the use of which residents thereon have a vested property right; even the Legislature of this state has no such power.

The power to discontinue a public road conferred by the cited statute is restricted to abandonment by the county of its maintenance as such public highway, and does not include the right to deny its use to the owners of property situated thereon.

The power of jurisdiction of the district court to protect by injunction the property rights of the citizen from unlawful invasion, it matters not by whom such invasion is attempted, cannot be doubted.

Appellants' contention that judgment of the trial court must be reversed because it was not rendered at the term of the court at which the case was tried or at the next succeeding term, cannot be sustained, because the record fails to show the facts upon which the contention is based. The judgment recites that the parties appeared and submitted the case to the court on the day on which the judgment was rendered. There is no bill of exceptions or any evidence in the record contradicting this recital in the judgment. In this state of the record the holding of this court in the case of Rouff v. Boyd, 16 S.W.(2d) 403, cannot be invoked.

We find no error in the record which would authorize a reversal of the judgment, and it must be affirmed.

Affirmed.