### MacFARLANE et al. v. DAVIS et al.
### No. 3716.

Court of Civil Appeals of Texas. Beaumont.
Nov. 29, 1940.

Rehearing Denied Feb. 5, 1941.

C. W. Howth, Adams, Hart & Daughtry, and Maston Meagher, all of Beaumont, and D. C. Bennett, of Orange, for appellants.

W. P. Sexton, K. W. Stephenson, and Homer Stephenson, all of Orange, for appellees.

WALKER, Chief Justice.

About 1926 a public ferry was lawfully established by Orange Co. across the Neches river, near its mouth where it runs into Sabine Lake, known as Dryden's Ferry, and was discontinued about Sep-

tember 1, 1938. In 1938, the Port Arthur-Orange bridge was completed across the Neches river, between Dryden's Ferry and the mouth of the river, and opened to public travel in 1938. Between the date that Dryden's Ferry was established and the completion of the bridge, the State and Orange Co. maintained a public road leading from the City of Orange to the banks of the river on the Orange Co. side at Dryden's Ferry, and across the river by ferry to a public road leading to the City of Port Arthur. In order to reach the banks of the river and the ferry on the Orange Co. side, Orange Co. built a wooden trestle across Old River Cove and from the Cove for one mile or more across a swamp to the banks of the river at the ferry. This trestle was a part of the public road leading from the City of Orange to the river, and was maintained by the State as a part of state highway No. 87. After the completion of the Port Arthur-Orange bridge across the river, the Orange Co. end of the bridge was connected with highway No. 87 at a point about two miles from the Dryden's Ferry end of highway No. 87. After this connection was completed, the State abandoned the two mile cutoff on the old highway, including the trestle across Old River Cove and down to the ferry. After the ferry had been abandoned by the State, and the cutoff had become a county highway, Orange Co. posted a notice at the courthouse door in Orange Co. to the effect that on the 8th day of June, 1939, the trestle and the approach to Dryden's Ferry would be abandoned and torn down and removed.

This suit was filed in district court of Orange Co. on the 20th day of June, 1939, by appellants, A. C. MacFarlane and C. W. Howth, against appellees, the County Judge and County Commissioners of Orange County and Orange Co., praying for judgment for a permanent injunction against them, restraining them from tearing down the trestle across Old River Cove and the swamp from Old River Cove to Dryden's Ferry, and pending a hearing on the merits for a temporary injunction.

For cause of action, appellants alleged generally the facts plead above, and the following additional facts: Upon the completion of highway No. 87 to the river and the installation of Dryden's Ferry, appellant MacFarlane purchased land in the W. A. Atkins survey adjacent to the ferry,

and excavated, filled in, and established the same as headquarters for a fleet of tugs, dredges, barges, and other marine equipment incidental to his business of towing and his other activities requiring the use of his equipment, and he has continuously maintained the same at the end of highway No. 87, where it touches the Orange Co. side of the river. Appellant Howth owns land on both sides of the trestle and highway No. 87; he owned this land before the trestle was built, and he granted an easement free of charge across his land to Orange Co. for its use in building the trestle. Humble Oil & Refining Company owns a tank farm adjacent to the ferry landing. "Divers and sundry other citizens of Orange county and elsewhere" use highway No. 87. The abandonment of the highway and of the trestle, and the removal of the trestle, would cause appellants "irreparable loss and injury, for which there is no adequate remedy at law." Appellant Howth granted an easement to Orange Co. across his land on the Atkins survey of about twenty-two acres for the approach to the Port Arthur-Orange bridge, and, in part consideration for this easement, he and the Commissioners' Court of Orange County agreed that the trestle described above, constituting a part of highway No. 87 across Old River Cove and the swamp on the Orange Co. side of the Dryden's Ferry, "would be left intact and maintained by Orange county so long as the public or any portion of the public found it necessary to use the same." It was further alleged that the destruction of the trestle would be a violation of this agreement. It was further alleged that the removal of the trestle would operate to destroy highway No. 87, and would make it impossible for the highway to be used as a road to the ferry or to any portion of the surrounding territory. It was further alleged that the notice posted by the Commissioners' Court was not issued upon a petition or application signed by at least eight freeholders of the precinct in which highway No. 87 is situated, and that the publication of the notice was in violation of law, and that "the threat and purpose to destroy highway No. 87 by removing the trestle is in violation of Article 6703 of the Revised Civil Statutes of the State of Texas, in this, that the said statute provides that no first class or second class road shall be discontinued except upon vacation or nonuse for a period of three

years, and in this connection, plaintiffs would represent that the road was in constant use by hundreds of vehicles daily up to the time of the completion of the bridge in September, 1938, and the said road is still in use by the public and has not been discontinued and there has been no nonuse of said road for a period of three years, or for any period of time."

On presentation to him of the petition, the district judge of Orange county granted appellants the temporary injunction as prayed for; the required bond was executed and the injunction was duly issued and was served on the 21st day of June, 1939. On the 13th day of October, 1939, the judge entered his order continuing the temporary injunction in full force and effect "until further orders of this court."

Appellees answered on the 12th day of July, 1940, by general demurrer, general denial and specially as follows:

"Defendant specially denies the violation of Article 6703 of the Revised Civil Statutes of the State of Texas as set out in paragraph four of plaintiff's petition. The aforesaid statute provides that no part of a public road shall be discontinued until a new road is first built connecting the parts not discontinued. Orange County has constructed a new road to the new Port Arthur-Orange Bridge and this road connects with the road that is not discontinued and the same is one-fourth of a mile shorter in distance.

"The value of the material of this trestle is several thousand dollars and would be used by the Four County Commissioners of Orange County, Texas, in repairing and building smaller bridges throughout the county if the Court should dissolve this injunction. Should the court not dissolve this injunction the result would be an injury to the citizenship of Orange County and cause the expenditure of thousands of dollars of public money in the buying of materials for the construction of smaller bridges."

Appellants filed their first supplemental petition on the 12th day of February, 1940, consisting of general and special demurrers and the general denial.

On trial to the court without a jury, judgment was entered on the 19th day of February, 1940, "that the temporary injunction heretofore granted in this court should be in all things dissolved and that the permanent injunction and all other re-lief prayed for by plaintiffs should be in all things denied and that defendants should recover their costs of suit." The court also entered an order staying the execution of the judgment and continuing in force the temporary injunction pending appellants' appeal. From the final judgment, appellants have prosecuted their appeal to this court.

The trestle, more than a mile long from Old River Cove to Dryden's Ferry, is constructed of "treated" wood, and is in good condition; with minor repairs it would serve the public for ten years or more; the trestle is an essential part of the roadway and must be used to reach Dryden's Ferry. Appellant Howth owns most of the Atkins survey; the two-mile section of highway No. 87 abandoned by the State, includes the trestle in controversy. Originally, appellant Howth granted Orange Co. an easement free of charge across his land for use in constructing the trestle; approximately 2,650 feet of the trestle is on his land. Appellant Howth's land on the Atkins survey extends down to the banks of the Neches river at Dryden's Ferry, and has potential value as industrial and building sites; this value would be greatly impaired, if not totally destroyed, if the trestle were torn down.

After the completion of highway No. 87 by building the trestle from Old River Cove to the banks of the river and after the installation of Dryden's Ferry in about 1926, appellant MacFarlane purchased twelve acres of land on the banks of the river on the Orange Co. side, adjacent to Dryden's Ferry; six acres of this land faced on the river and abutted upon both sides of highway No. 87 as it was then maintained. The destruction of the trestle from Old River Cove to Dryden's Ferry would render MacFarlane's property practically worthless; as the road is now maintained, this land is of great value to appellant MacFarlane.

Other parties beside appellants in the locality of Dryden's Ferry own land adjacent to and bordering on that section of highway No. 87 abandoned by the State in the manner stated above, including Sabine Transportation Company, Humble Oil & Refining Company, and the Sun Company; these parties would be greatly damaged if the roadway were destroyed; they bought their property after highway No. 87 had been established and the trestle constructed, and the existence of the road and

trestle entered into the consideration paid by them for their land.

No petition was presented to appellees signed by eight freeholders in the precinct where the trestle is situated as required by Article 6705; in posting the notice of their intention to remove the trestle and close the road, and in threatening to discontinue the road, appellees were acting solely on their own initiative; their power to act was not invoked by a petition.

### Opinion.

■ Having bought their property in relation to that part of highway No. 87 over which the trestle was built, and abutting thereon and adjacent thereto, appellants acquired a property interest in the trestle as an essential part of the highway, and without which the highway cannot be used. This property interest in the trestle entitles them to its use, free from obstruction or hindrance by appellees. Commissioners' Court of Harris County et al. v. Kaiser, Tex.Civ.App., 23 S.W. 2d 840, cited with approval and quoted from by the Commission of Appeals in Meyer v. Galveston, H. & S. A. Ry. Co., 50 S.W.2d 268. The point at issue is not appellants' right to compel appellees to maintain and repair the trestle as a part of highway No. 87, but to restrain them from destroying the trestle, which is an essential part of the highway, and thereby destroying appellants' right to use the highway. If appellees' power to discontinue the abandoned section of highway No. 87 as a public road be conceded, this power is restricted to the abandonment of its maintenance as a public highway, and does not include the power to tear down the trestle and deny its use to appellants who bought their property abutting on the highway, the value of which would be destroyed, or greatly impaired, by the destruction of the trestle. In support of this conclusion, we quote the following proposition from the Kaiser case, supra [23 S.W.2d 842]: "The power to discontinue a public road conferred by the cited statute is restricted to abandonment by the county of its maintenance as such public highway, and does not include the right to deny its use to the owners of property situated thereon."

■ It follows that the judgment of the lower court should be reversed and judgment here rendered restraining appellees from tearing down the trestle in issue.

Reversed and rendered.

### On Rehearing.

■ The following prayer by appellants sustains our conclusion that they prayed "for a permanent injunction": "Wherefore, plaintiffs pray that this Honorable Court grant a temporary injunction against the defendants and each of them restraining them and each of them from removing said wooden trestle and approach to the said ferry landing, with notice to show cause why the said injunction should not be made permanent upon hearing and that upon hearing this Honorable Court enter an order restraining the said commissioners from discontinuing and destroying the use of said road by destroying the trestle thereof, for a period of three years from and after the completion of the bridge, to-wit: for a period of three years from and after September 1, 1938, unless at the end of that time the road be still in use by the public and they further pray for all costs of court and for such other relief, general and special, to which plaintiff may be entitled in law or in equity."

Appellant assigns error against the following fact conclusion: "Appellant Howth's land on the Atkins survey extends down to the banks of the Neches river at Dryden's Ferry, and has potential value as industrial and building sites; this value would be greatly impaired, if not totally destroyed, if the trestle were torn down."

Our opinion shows that appellant Howth sold to appellant MacFarlane that portion of the river bank immediately adjacent to Dryden's Ferry; in this fact conclusion it was not our intent to find that appellant Howth owned the land immediately adjacent to the ferry. However, appellant Howth's holdings on the banks of the river were limited only by his sale to appellant MacFarlane.

In the following fact conclusion, the evidence does not support us in saying that the property of Sabine Transportation Company, Humble Oil & Refining Company, and the Sun Company, was "adjacent to and bordering on that section of highway No. 87 abandoned by the state": "Other parties beside appellants in the locality of Dryden's Ferry own land adjacent to and bordering on that section of highway No. 87 abandoned by the State in the manner stated above, including Sabine Transportation Company, Humble Oil & Refining Company, and the Sun Company; these parties would be greatly damaged if the roadway were destroyed; they bought their

property after highway No.. 87 had been established and the trestle constructed, and the existence of the road and trestle entered into the consideration paid by them for their land."

We overrule appellees' contention that the relief granted by this court was without foundation in appellants' pleadings. This is a proceeding in equity. Appellants prayed for general relief on the facts detailed in their petition. The relief granted by our judgment does not extend beyond the equities arising on the facts plead. Appellees correctly assert that "it must be presumed that the court found against appellants on all theories presented." The relief we granted appellants is grounded on the undisputed facts. Appellants' motion for additional fact conclusions is granted to the extent herein stated.

The motion for rehearing is overruled.