

# The Attorney General of Texas

February 7, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P O Box 12548
Austin, TX 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX 79905
915/533-3484

723 Main, Suite 610
Houston TX 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX 79401
806/747-5238

4313 N Tenth Suite F
McAllen TX 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Henry Wade
District Attorney
Sixth Floor, Records Building
Dallas, Texas 75202

Opinion No. MW-140

Re: Authority of county officials to act in an emergency, and related questions.

Dear Mr. Wade:

You pose several questions regarding the power of county officials to act in cases of natural disaster or other emergency, particularly with respect to the use of county equipment on private land. Our opinion is directed to the authority granted by the Disaster Act of 1975, article 6889-7, V.T.C.S., and we do not address any broad constitutional questions affecting the Act generally.

The Disaster Act of 1975, article 6889-7, V.T.C.S., is designed to enable the State of Texas and its political subdivisions to plan for, respond to, and recover from natural or man-made disasters and the emergencies such calamities create. To that end section 5 of the Act confers upon the governor of the state extremely broad powers to declare disaster emergencies and to deal with them. Among other things, it gives executive orders, proclamations, and regulations "the force and effect of law" and directs the governor to delegate or assign command authority embodied in appropriate executive orders or plans "to the greatest extent practicable." In addition to other powers conferred by law upon the governor, section 5(g) of the Act empowers him to suspend the provisions of any regulatory statute that would hinder necessary action in coping with the emergency. See also V.T.C.S. arts. 689a-4c (emergency funds); 5890e (use of militia during state of emergency). It also authorizes him to commandeer or utilize any private property if he finds it necessary to cope with the disaster emergency, subject to any applicable requirements for compensation.

Executive Order No. WPC-11, issued August 15, 1979, superseded prior executive orders of the governor implementing the Disaster Act of 1975. In recognition of the fact that the Act authorizes a county commissioners court to declare a local disaster emergency but fails to expressly confer upon any local officer the extraordinary powers it confers upon the governor when he, rather than the local body, declares a disaster emergency, the current executive order follows precedents established by prior governors

and designates the county judge of each county as the Disaster Director/Coordinator for the county.

We think it is the intent of Executive Order WPC-11 to delegate to the county judge in locally declared disaster emergencies the same powers, on an appropriate local scale, that it delegates and assigns to the Director of the Division of Disaster Emergency Service on a statewide basis. It intends that the county judge serve as the governor's designated agent in the administration and supervision of the Texas Disaster Act of 1975, and that he may exercise the powers granted the governor therein. The executive order expressly gives comparable authority to the statewide Director.

Under the Act and executive order, the county judge, by employing the delegated power in a disaster emergency that has been locally declared by the commissioners court, may commandeer or utilize any private property if he finds it necessary to do so in order to cope with the disaster emergency as long as his order is consistent with the applicable disaster emergency plan. When he acts reasonably and justly in response to an impending disaster or its spread, i.e., to meet an impending peril that threatens the public health and safety when the public need greatly outweighs the private loss, the constitutional requirement that property shall not be "taken, damaged or destroyed for or applied to public use without adequate compensation" is not applicable, though compensation may be paid later if other law permits. Tex. Const. art. I, § 17; Keller v. City of Corpus Christi, 50 Tex. 614 (1879); Petty v. City of San Antonio, 181 S.W. 224 (Tex. Civ. App. — San Antonio 1915, writ ref'd). See City of Austin v. Teague, 570 S.W.2d 389 (Tex. 1978); Crossman v. City of Galveston, 247 S.W. 810 (Tex. 1923); Davenport v. East Texas Refining Co., 127 S.W.2d 312 (Tex. Civ. App. — Texarkana 1939, writ ref'd). The Disaster Act of 1975, section 13, recognizes the obligation of every person to manage his affairs and property in ways that will not unreasonably detract from the ability of the public successfully to meet disaster emergencies, and specifies that compensation for the taking or use of property shall be made only to the extent such obligations "are exceeded."

There are specific references in the Disaster Act of 1975 regarding the clearing of debris or wreckage from private property as well as from public property, but they are cumulative of the provision allowing the commandeering or utilization of any private property necessary to cope with the emergency. Section 5(g)(13) allows the use of state departments, agencies and instrumentalities to clear debris and wreckage in certain instances, while section 5(j) requires certain authorizations or indemnifications before debris can be removed. The latter, section 5(j), is applicable only in the recovery stage of a disaster emergency when the immediate danger has passed. See 42 U.S.C. § 5173. It does not inhibit necessary action in the response stage, when immediate action to avert disaster is necessary. See Keller v. City of Corpus Christi, supra.

When precipitate action is necessary in the response stage, neither article I, section 17 of the Constitution, nor article III, section 51, prevents the utilization of county equipment on private property — the first for the reasons already discussed, and the second because the action is taken to directly accomplish a legitimate public purpose, not to benefit the property owner. See Barrington v. Cokinos, 338 S.W.2d 133 (Tex. 1960).

Article III, section 51 is no bar to a use, otherwise authorized, of county equipment on the property of individuals, associations or corporations to aid in recovery from public calamities, because the section itself declares that it "shall not be construed to prevent the grant of aid in public calamities." Attorney General Opinion WW-1248 (1962). See Tex. Const. art. VIII, § 10; art. XI, § 8. Cf. Brazos River Conservation and Reclamation Dist. v. McCraw, 91 S.W.2d 665 (Tex. 1936). Cf. Attorney General Letter Advisory No. 92 (1975) (non-emergency situation).

Absent authority similar to that delegated under the 1975 Act, county officials would be greatly hampered in responding to many emergencies, for counties do not possess the general police power available to home rule cities. Nevertheless, they have implied authority to exercise a broad discretion in accomplishing the particular objectives entrusted to them. Anderson v. Wood, 152 S.W.2d 1084 (Tex. 1941); Commissioners Court of Harris County v. Kaiser, 23 S.W.2d 840 (Tex. Civ. App. -- Galveston 1929, writ ref'd). See, e.g., V.T.C.S. arts. 190 - 192b (destruction of animals); 695c, § 39 (relief services); 1581b (additional law enforcement officers); 1659, 1659a, 1659b (emergency purchases); 2351 (specified powers); 2351a - 2351a-5 (fire fighting); 2372m (rabies epidemic); 4434 (public health cooperation); 4459; 4460 (quarantine); 4477-7 (waste disposal); 4478 (medical facilities); 6687-9 (abandoned vehicles); 6699 (traffic officers); 670lg (traffic regulations); Code Crim. Proc. arts. 8.01 - 8.09 (riots). And the county judge, of course, is individually a magistrate and a conservator of the peace possessing all the powers of a peace officer. Tex. Const. art. V, §§ 12, 15; Code Crim. Proc. arts. 2.09, 2.10; Jones v. State, 62 S.W. 758 (Tex. Crim. 1901).

Under the 1975 Act as implemented by Executive Order No. WPC-11, the county judge may use county equipment on private land if he reasonably deems it necessary to meet or prevent a locally declared disaster emergency, assuming his action is consistent with the local disaster plan so activated. We have examined the Emergency Operations Plan of Dallas County approved by the commissioners court November 8, 1976, and find that its 9th section provides:

> During the emergency only, all resources within the limits of Dallas County and its municipalities, both publicly and privately owned, will be used when deemed necessary by local government officials and upon orders of the County Judge/Mayor. Accurate records will be kept concerning the use of privately owned resources for purpose of possible reimbursement.

### SUMMARY

Under the Disaster Act of 1975 as implemented by Executive Order No. WPC-11 and the Emergency Operations Plan of Dallas County, the county judge of Dallas County may use county equipment on private land if he reasonably deems it necessary to meet or prevent a locally declared disaster emergency.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Bruce Youngblood
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Walter Davis
Bob Gammage
Susan Garrison
Bruce Youngblood