

# THE ATTORNEY GENERAL
## OF TEXAS

June 25, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Tom Maness
Criminal District Attorney
P. O. Box 2553
Beaumont, Texas    77704

Opinion No.   JM-728

Re:  Whether a county may abandon a neighborhood road without replacing it

Dear Mr. Maness:

You ask about the authority of the Commissioners Court of Jefferson County to abandon a particular road without replacing it. As you describe the situation:

> [A]t least eight landowners and the county commissioner in Precinct 3 in Jefferson County, Texas are interested in abandoning Atwood Road, a dead-end road which lies entirely across land belonging to Mr. Fontenot. The road is not used by any substantial segment of the general public except those persons living along it [the Fontenot family], and the road does not connect two or more county roads. Atwood Road is not maintained by the county but voluntarily by Mr. Fontenot who wants the county to abandon the road; there are allegations that the road should never have been included in the county road system, and there is no need to replace Atwood Road if it is abandoned.

Your question is:

> Must the county replace Atwood Road before discontinuing it pursuant to section 2.002(a)(1)(A) of the County Road and Bridge Act?

The County Road and Bridge Act, article 6702-1, V.T.C.S., was enacted in 1983, Acts 1983, 68th Leg., ch. 288, at 1431, as an act "relating to a revision of the laws concerning county roads and bridges" and providing penalties. Its provisions are derivative of many statutes of long standing that the enactment repealed. Id. §2, at 1526. See also Acts 1984, 68th Leg., 2d C.S., ch. 8, §1, at 29 (ratifying repeal). Cf. Porter v. Johnson, 140 S.W. 469 (Tex. Civ. App. - Dallas 1911, no writ).

Section 2.002(a) of the new statute -- derived from expressly repealed article 6703 -- provides:

> Sec. 2.002   (a)   The Commissioners court shall:
>
> (1) order that public roads be laid out, opened, discontinued or altered when necessary except that:
>
> (A) <u>a public road may not be discontinued until a new road is ready to replace it. . . .</u> (Emphasis added).

The power and authority of the commissioners court of a county to abandon or discontinue recognition of a road as a public road is distinct from its authority to <u>close</u> a road. In <u>Meyer v. Galveston H. & S.A. Railway Co.</u>, 50 S.W.2d 268, 273 (Tex. Comm'n App. 1932), holding approved, the court said, citing <u>Robison v. Whaley Farm Corporation</u>, 37 S.W.2d 714 (Tex.), <u>reh'g denied</u>, 40 S.W.2d 52 (Tex. 1931):

> The authority of the Commissioners' Court to cease to maintain a road, previously maintained as a public road, and abandon it as such, is announced in <u>Robison v. Whaley Farm Corporation</u> (citation omitted). . . . The Commissioners' Court could eliminate the public character of this roadway, but it could not impair the rights which had been acquired by private citizens to use it as such. . . .

Discussions regarding the "discontinuance" of roads are sometimes confused by a failure to distinguish between the authority of a commissioners court to abandon rights of a public character in an existing roadway, and its ability to extinguish private rights that may have arisen in the use of the roadway. See <u>Smith County v. Thornton</u>, 726 S.W.2d 2 (Tex. 1986); Attorney General Opinion V-975 (1949).

From the information you have furnished us, it appears this road was declared to be a public road in 1973. Inasmuch as the road has never connected with other roads but has always existed only upon the landholder's property (terminating in a dead-end), the 1973 order of the commissioners court declaring it to be a public road was apparently intended to make it a "neighborhood road" within the meaning of former article 6711, V.T.C.S., now section 2.006 of article 6702-1, V.T.C.S.

The opinion process of this office is not designed or equipped to resolve disputed questions of fact. This opinion assumes (but does

not hold) that this road acquired a public character as a neighborhood road in 1973, and that the public acquired an easement to use the way as a public thoroughfare, but not the fee title thereto.  It also assumes that the commissioners court does not now intend to forbid use of the road (i.e., to close it), but intends merely to discontinue recognition of it as a county roadway for maintenance and supervisory purposes.  Cf. MacFarlane v. Davis, 147 S.W.2d 528 (Tex. Civ. App. - Beaumont 1940, no writ).

Confusion also arises in connection with the "discontinuance" of roads because statutes and courts sometimes use the word in two different senses.  Cf. Attorney General Opinion C-752 (1966). Sometimes, as in the Meyer case noted above, the words "abandonment" or "discontinuance" are used in discussions of roads to signify a termination of county responsibility for the upkeep, care, and supervision of the roadway.  At other times, the words are used to indicate the act of terminating the use of the roadway, i.e., closing it to traffic.  See Compton v. Thacker, 474 S.W.2d 570 (Tex. Civ. App. - Dallas 1971, writ ref'd n.r.e.); McFarlane v. Davis, supra.

As set out above, the 1983 County Road and Bridge Act states that "a public road may not be discontinued until a new road is ready to replace it."  Before the 1983 enactment, the applicable statute (former article 6703, V.T.C.S.) read in part:

> No part of a public road shall be discontinued
> until a new road is first built connecting the
> parts not discontinued.  (Emphasis added).

The 1983 legislative revision was intended to be non-substantive, and we do not think the statutory law regarding "discontinued roads" was changed in 1983.  The entire 1983 enactment was reenacted by Senate Bill No. 24 in a 1984 special session of the legislature, as the bill analysis explains:

> Most of the laws relating to county roads and
> bridges were enacted in the 1920s and 1930s.  The
> 1983 session of the legislature reenacted all of
> these statutes, without substantive changes, as
> the County Road and Bridge Act.  Recently a
> question has arisen as to the adequacy of the
> title under which the County Road and Bridge Act
> was enacted in 1983.  Because of these questions,
> the entire act has been reintroduced under a more
> descriptive title.  This will insure the act's
> constitutionality.

Bill Analysis to S.B. No. 24, prepared for Transportation Committee, filed in Bill File to S.B. No. 24, Legislative Reference Library.

The purpose of the provision restricting the "discontinuance" of part of a road "until a new road is first built connecting the parts not discontinued" (now, "until a new road is ready to replace it") apparently was, and still is, meant to assure that travelers starting a trip along a county road (and unaware that a part of it may be impassable) will not find themselves at a dead-end after a part of the trip, unable to proceed to their destination by an alternate route. See Attorney General Opinion M-633 (1970).

Inasmuch as the Commissioners Court of Jefferson County does not intend to close part of the road to traffic, as we understand the situation, but, rather, intends to discontinue county maintenance and supervision of the road in its entirety, the proscription of subsection 2.002(a)(1)(A) of the County Road and Bridge Act is not applicable. The county need not replace Atwood Road before discontinuing it as a county road.

## S U M M A R Y

The statutory provision that a commissioners court may not discontinue a public road until a new road is ready to replace it is not applicable where the commissioners court does not intend to close a part of a neighborhood road to traffic but instead intends to discontinue county maintenance and supervision of the road in its entirety.

Very truly yours

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Bruce Youngblood
Assistant Attorney General