### EX PARTE CLEM McCARVER.

No. 1524. Decided June 15, 1898.

#### 1. City Ordinance—"Curfew"—Personal Liberty.

A city "curfew ordinance," prohibiting persons under the age of 21 years from remaining or being found upon the streets of the city after 9 o'clock p. m., unless accompanied by his or her parent or guardian, or unless when actually executing an errand in search of the services of a physician, is not reasonable or necessary to pro-

tect the good order and morals of the community; is paternalistic and an invasion of the personal liberty of the citizen; is unauthorized by law, and is therefore void.

**2.  Same—Municipal Ordinance.**

The courts are not inclined to inquire into the reasonability of a municipal ordinance passed under an express grant of power, but if passed under a more general power, the court will declare them void if unreasonable.

APPEAL from the County Court of Young.  Tried below before Hon. O. E. FINLAY, County Judge.

Appeal from a judgment in a habeas corpus proceeding remanding relator to custody for violation of the "curfew ordinance" of the city of Graham.

The opinion states the case.

*John C. Kay* and *P. A. Martin,* for relator.—Said ordinance is against that provision of the Constitution of the State of Texas which provides that no citizen of this State shall be deprived of liberty, privileges, or immunities, except by due course of the law of the land.  Const., art. 1, sec. 19; Huntsman v. State, 12 Texas Crim. App., 619.

No power exists at common law for the enactment of such an ordinance by a city government.  It is arbitrary and does not apply to all persons alike.  It makes criminal acts which are not in themselves criminal, and places a power in the hands of the city constabulary which, if exercised, would deny to minors the right of attending divine service or innocent amusement—privileges and immunities which are guaranteed to all alike.  In the exercise of the corporate power for the peace, order, and good government of municipalities, the Legislature has seen fit to grant many powers to city councils.

The city of Graham, organized under title 18 of the Revised Statutes of the State of Texas, can exercise no power not expressly granted under the provisions of said title, or not clearly implied in its provisions.  It can create no new offenses; affix no new penalties, except those clearly necessary to enforce the powers granted, or to protect its various departments and officers in the discharge of the duties prescribed by statute.  Ex Parte Garza, 28 Texas Crim. App., 381; Galveston v. Looney, 54 Texas, 523; Miller v. Burch, 32 Texas, 210; Williams v. Davidson, 43 Texas, 33; Vosburg v. McCrary, 77 Texas, 572; Brenham v. Water Co., 67 Texas, 542.

*W. W. Walling* and *Mann Trice,* Assistant Attorney-General, for respondent.  [No brief for respondent found in the record.—Reporter.]

HENDERSON, JUDGE.—This is an appeal from a proceeding under a writ of habeas corpus.  It appears in the city of Graham, Young County, the city council have passed what is termed a "curfew ordinance," as follows:

39th Crim. Rep.—29

"Ordinance No. 30.

"An ordinance prohibiting persons under the age of twenty-one years from remaining or being found upon the streets of Graham after nine o'clock at night.

"Be it ordained by the city council of the city of Graham, in session assembled, that:

"Section 1. Any person under the age of twenty-one years who shall be found upon any of the streets or alleys of the city of Graham at night, and later than fifteen minutes after the ringing of the curfew bell as hereinafter provided, shall be guilty of a misdemeanor, and upon conviction thereof shall be fined in any sum not less than five dollars nor more than fifty dollars.

Sec. 2. Be it further ordained, that the foregoing section shall not apply to any person under the age of twenty-one years, who shall at the time of being so found upon the streets or alleys of said city be accompanied by his or her parent or guardian, or to any person or persons in search of the services of a physician, provided such person or persons at the time of being so found is actually executing such errand.

"Sec. 3. Be it further ordained by the city council of the city of Graham, that the city marshal of the city of Graham, at and on each and every day at eight forty-five o'clock p. m. shall ring or caused to be rung the church bell at the Baptist Church in said city, and said bell shall be known as the 'curfew bell.'

"Sec. 4. Be it further ordained, that this ordinance shall take effect and be in force from and after its publication, according to law."

"Approved Feb. 28th, 1898.

"J. S. STARRETT, Mayor."

That after said ordinance went into effect the relator, a young man 19 years of age, was found by the city marshal of the city of Graham on the street more than fifteen minutes after the city marshal had rung the curfew bell at the Baptist Church, in said city, on the night of the 18th of April, 1898. That said marshal held and detained him for a violation of said ordinance. He sued out a writ of habeas corpus, and, upon an examination of the case, he was remanded by the county judge, and he now prosecutes this appeal.

The question here presented is as to the legality of said ordinance. If it be such a one as the city council had a right to pass, then the relator is entitled to no relief; otherwise he is. It appears that a distinction is made between ordinances passed under an express grant or power by the Legislature and ordinances which are merely passed under a general power. As to the former, courts are not inclined to inquire into their reasonability, but as to the latter, if an ordinance does not appear to be reasonable, the courts will declare them void. See 17 Am. and Eng. Enc. of Law, p. 247, and authorities there cited; Cool. Const. Lim., 4 ed., pp. 243, 244, and note.

It is not shown in the statement of facts how the city of Graham is

incorporated, but we take it for granted that it is incorporated under the general act of the Legislature on the subject, and it only has such authority as is conferred on it by the provisions of such general act. Article 419, Revised Civil Statutes, 1895, gives the municipal authorities exclusive control and power over the streets, alleys, and public grounds and highways of the city, and to abate and remove encroachments or obstructions thereon. A number of articles also confer authority on the city council to do certain things. But we fail to find any authority expressly authorizing the city council to pass a "curfew ordinance," as it is termed, or an ordinance making it a misdemeanor for a person under 21 years of age to be found on the streets or public highways of any city or town after 9 o'clock at night. So that the authority to pass this ordinance must be under the general powers of the city to preserve the peace, and to protect the good order and morals of the city. Article 457 would seem to prescribe the authority of the council in this respect. It is as follows: "The city council shall by ordinance have authority to prevent all trespasses; breaches of the peace and good order; assaults and batteries, fighting and quarreling; using abusive, obscene, profane, and insulting language; misdemeanors, and all disorderly conduct, and punish all persons thus offending." If this is the express authority on the subject it would appear to exclude the authority of the council to go beyond it. But we will treat the question on the proposition as to whether or not, conceding that the municipality has authority under its general powers to pass any ordinance that is reasonable to preserve the public peace and to protect the good order and morals of the community, the ordinance in question is reasonable. We hold that it is not; that it is paternalistic, and is an invasion of the personal liberty of the citizen. It may be that there are some bad boys in our cities and towns whose parents do not properly control them at home, and who prowl about the streets and alleys during the nighttime and commit offenses. Of course, whenever they do, they are amenable to the law. But does it therefore follow that it is a legitimate function of government to restrain them and keep them off the streets when they are committing no offense, and when they may be on not only legitimate errands, but engaged in some necessary business. At common law a conspiracy was an indictable offense, and under our statute a conspiracy to do certain things is an offense. If persons go upon the street, whether under or over age, in pursuance of a conspiracy to commit burglary or some other offense, they are indictable. But it is not claimed here that the going upon the streets by appellant was in pursuance of any conspiracy to commit any offense. We understand it to be made unlawful for any person under 21 years of age to go upon the streets after 9 o'clock at night, or, more strictly speaking, later than fifteen minutes after the ringing of what is called the "curfew bell" provided for by the ordinance. True, some exceptions are made. For instance a person under 21 years of age may go upon the streets with his parent or guardian, and such person can go upon the streets in search of the services of a physician, but these are the only

exceptions. We can well imagine a number of other exceptions. Indeed, so numerous do they occur to us that they serve themselves to bring into question the reasonability of the law. A minor may be unavoidably detained away from home until after night, yet in passing along the streets on his way to his home he commits an offense. He may be at church or at some social gathering in the town, and yet when the curfew bell tolls in the midst of a sermon or exhortation, he would be compelled to leave and hie himself to his home, or, if at a social gathering, he must make his exit in haste. He could not be sent by his parents to a drugstore, or, for that matter, on any errand, save and except for a physician. The rule laid down here is as rigid as under military law, and makes the tolling of the curfew bell equivalent to the drum taps of the camp. In our opinion, it is an undue invasion of the personal liberty of the citizen, as the boy or girl (for it equally applies to both) have the same rights of ingress and egress that citizens of mature years enjoy. We regard this character of legislation as an attempt to usurp the parental functions, and as unreasonable, and we therefore hold the ordinance in question as illegal and void. See City of St. Louis v. Fitz, 53 Mo., 582; City of Chicago v. Trotter (Ill. Sup.), 26 N. E. Rep., 359. The relator is ordered discharged.

*Relator ordered discharged.*