EX PARTE JESSIE DOUGLAS.

No. 11796.   Delivered April 11, 1928.

**1.—Habeas Corpus—Delinquent Child—Judgment Incomplete—Held Invalid.**

Where relator was declared to be ·a delinquent child, and the judgment failed to state the length of time of relator's commitment to the State Training School for Girls at Gainesville, such judgment is a nullity.

**2.—Same—Continued.**

Under the specific terms of Arts. 1089. and 1090, C. C. P., and Art. 2338, R. C. S. of 1925, the judgment should have stated the duration of the term of commitment, and in no event could relator be committed to such institution for a maximum of more than five years, and in no event to extend beyond the time said juvenile reaches the age of twenty-one years. See Ex Parte Brooks, 85 Tex. Crim. Rep. 252, and Ex Parte Roach, 87 Tex. Crim. Rep. 370.

**3.—Same—Information—Charges No Offense.**

Where the information charged that relator was a delinquent child in this: That she did "then and there unlawfully loiter on the public streets and refuse to obey her parents," this brings the only act charged against

her. No such act is mentioned in Art. 1083, C. C. P., defining a delinquent child, and such information could not be made the basis of a prosecution. Following Ex Parte Roach, supra.

### 4.—Same—Continued.

The court could not assume jurisdiction and enter a judgment of conviction against relator for an offense not defined by law, for an act which, under the statute, did not constitute her a delinquent child. Before a child can be deprived of parenthood and become a ward of the state, a situation lamentable in any case, the terms of the law must be strictly followed.

Appeal from the Criminal District Court No. 2 of Dallas County. Tried below before the Hon. C. A. Pippen, Judge.

Appeal from a judgment remanding relator to the custody of the superintendent of the State Training School for Girls at Gainesville. Reversed, and relator discharged.

The opinion states the case.

*Taylor & Irwin* and *J. S. Parker* of Dallas, for relator.

*Henry King*, Assistant District Attorney of Dallas County, and *A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—From a judgment remanding relator to the custody of Mr. Agnes Stephens, superintendent of the State Training School for Girls at Gainesville, relator appeals to this court.

It is alleged that both the judgment upon which relator was committed and the information upon which she was prosecuted are void. The judgment shown in the record reads in part as follows:

"It is therefore ordered, adjudged and decreed by the court that said Jessie Douglas, said·defendant herein be and *she* is declared a delinquent child and that *she* be committed to the State Juvenile Training School for an indeterminate term of ........ years from date of commitment and subject to orders of court until committed." .

The trial was before the court without a jury.

The length of time of relator's commitment is nowhere stated in said judgment. The quoted portion of the judgment contains all there is in the record with reference to the duration of her sentence or the time and terms of same. In Ex Parte Brooks, 85 Tex. Crim. Rep. 252, it was said:

"Such judgment should state the length of time which is the maximum commitment in such cases, same in no event to be

more than five years, and likewise in no event to extend beyond the time said juvenile reaches the age of twenty-one."

A somewhat similar judgment was declared void in the case of Ex Parte Roach, 87 Tex. Crim. Rep. 370. Under the specific terms of Arts. 1089 and 1090, C. C. P., and Art. 2338, R. C. S. (1925), the judgment should have stated the duration of the term of commitment and in no event could relator be committed to such institution for any time after she reached the age of twenty-one years.

Under the plain terms of the statute and the two decisions above quoted, the judgment in the instant case was a nullity.

The information filed charged in part that relator was a delinquent child in this, that she did "then and there unlawfully loiter on the public streets and refuse to obey her parents." This is the only act charged against her. No such act is mentioned in Art. 1083, C. C. P., defining a delinquent child and such an information could not be made the basis of a prosecution. Ex Parte Roach, 87 Tex. Crim. Rep. 370.

The court could not assume jurisdiction and enter a judgment of conviction against relator for an offense not defined by law and for an act which, under the statute, did not constitute her a delinquent child. Before a child can be deprived of parenthood and become a ward of the state, a situation lamentable in any case, the terms of the law must be strictly followed.

Because both the judgment of conviction and the information upon which the prosecution was based are a nullity, the judgment of the trial court is reversed and the relator is ordered discharged.

*Reversed and relator discharged.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.