**LAZAROS et al. v. STATE.**

No. 14210.

Court of Civil Appeals of Texas. Dallas.

March 17, 1950.

Rehearing Denied April 14, 1950.

L. F. Sanders, Canton, for appellants.

Tom H. Prestridge and C. L. Stanford, Canton, for appellee.

CRAMER, Justice.

This is an appeal from an order entered November 10, 1949 overruling a petition to reopen, set aside, and/or modify a former order declaring Billy Phillips a delinquent child under sec. 14, Art. 2338—1, Vernon's Ann.Civ.St. The petition also includes a count for a writ of habeas corpus.

No statement of facts accompanies the record. The transcript shows that appellants are the mother and stepfather of the child; that the original delinquency proceeding was filed October 3, 1949; heard Octover 5, and the minor child placed in Gatesville State School for Boys October 11; no motion for new trial was filed;

no notice of appeal, required by sec. 21, Art. 2338—1, V.A.C.S., was given; no appeal perfected; and such judgment became final.

On November 9, 1949, this proceeding was filed, and on November 10 judgment was entered denying appellants all relief sought; proper exception was noted and notice of appeal given; and this appeal has been duly perfected. On appellants' motion, the court made and filed findings of fact (on requested specific facts only) in the original delinquency proceeding, in substance, as follows: Billy Phillips is a male child over 10 and under 17 years of age, and, with his mother Mrs. Minnie Lee Lazaros, resides at Canton, Van Zandt County; that he habitually associates with one Billy Black, a vicious and immoral person; on September 30, 1949 he, in company with Billy Black, followed a named adult female along a main street of the town of Canton and made highly vulgar and insulting proposals to her (recited specifically in the record); that sometime during 1948 he entered the dressing room of the Canton High School football team while the players were on the field and took money, fountain pens and other articles from their clothing without their permission; for which, after he had made a confession, he was dismissed from the school for the remainder of the term, and he has not made application to re-enter such school; that the Sheriff of Van Zandt County and two deputy sheriffs have on many occasions, for a year and a half or two years, seen him with Billy Black on the streets of Canton, Grand Saline, Edgewood, Wills Point, etc., at all hours of the nighttime, and that he has so conducted himself generally, in the past, as to render himself a nuisance to law enforcement officers of the county. The court's conclusions from such facts support the judgment declaring the boy a delinquent child and the order of confinement in Gatesville State School for Boys, rather than in the custody of his mother or some other person. At the request of the county attorney, additional specifically requested findings were filed November 19, in substance, as follows: Minnie Lee Lazaros and her

974

son Billy made their voluntary appearance at the time of the hearing and announced ready for trial; his father's whereabouts is unknown and he did not appear; neither Billy nor his mother at any time requested a jury trial; his mother has not exercised proper parental care and discipline over him in her home, allowing him to absent himself from home at any time he desires, either day or night, showing a disregard for his whereabouts; allowing him not to attend school, and to smoke cigarettes. At request of appellants, the trial judge on November 21 filed further additional requested findings, in substance, as follows: That at no time during the entire proceeding did the court make any mention as to whether a jury was or was not demanded; that C. L. Stanford, assistant county attorney, represented the State; at no time was any mention made by the court to Billy or his mother asking whether or not they desired counsel, or whether or not they had counsel; at no time during the trial was the stepfather or father of Billy Phillips present; neither Billy, nor his mother, was sworn and neither testified; there was no evidence about the stepfather or his ability to care for the boy; no special investigation was made into the home or surroundings of Billy Phillips; no special investigation was made of the Gatesville State School for Boys, nor did the court order or secure information as to any place other than the Gatesville School in which to place Billy Phillips; no direct testimony was given of the incident of his insulting remarks made to the Canton lady; there was no citation, subpoena, or other notice issued to his mother, to himself, or himself, or to his stepfather shown by the court papers; on the trial there was no objection made by him or his mother to any of the testimony offered by the State; there were six practicing attorneys of Van Zandt County Bar living within close proximity to the courthouse where Billy was tried.

■ Appellants assign 14 points of error. The second point will be discussed first. By it, appellants assert error in the court's overruling their application to reopen and modify the order declaring Billy a delinquent child without such application being contested by the State. It is asserted thereunder that the record shows that the petition to modify was filed November 9, and was heard by the court the next day, November 10. The record shows that the court, by order entered November 15, granted appellee permission to file, as of November 10, its written answer—which only reduced to writing the oral motion formerly made at the hearing November 10. Such order recites that it was granted because the hearing was had before the county attorney prepared his answer in writing. On this record no harm could have resulted from the nunc pro tunc order. Point 2 is overruled.

■ By points 1, 3, 4, and 5, appellants, in substance, complain of the trial court's disposing of the proceeding to reopen and modify the original order declaring Billy a delinquent child without a formal hearing, because the sworn motion set up that the original judgment and commitment were void. This present proceeding was a motion to reopen such final judgment, and to set it (as well as the commitment issued thereon) aside, to modify the same, and "to forthwith order the body of Billy Phillips before this court," for that purpose. That portion of the motion which sought to modify the former judgment was discretionary with the trial court. Sec. 14, Art. 2338—1, supra, provides as follows: "* * * A petition may be filed with the committing court requesting the reopening of the case of a child who has been committed by the court to the custody of an institution, agency or person; if the court is of the opinion that the best interest of the child will be served, it may at its discretion proceed to hear and determine the question at issue. * * *"

■ The portion of appellants' application which applies for a writ of habeas corpus raises the question as to whether the judgment was void. Although a writ of habeas corpus is a writ of right, probable cause must be shown before it will issue. It is not a writ of course. In this case the facts upon which the writ is sought are of record in the court in which it was filed. It complains of, and is based

upon, alleged defects in the proceedings in the original cause which declared Billy to be a delinquent child. The petition, when taken with the record before the court, of which the trial court had judicial notice, shows on its face that the original judgment declaring Billy a delinquent child is not void. The writ of habeas corpus is a collateral attack, not a direct attack, upon such judgment. It cannot be used in the place of, nor as a substitute for an appeal. Click v. State, 118 Tex.Cr.R. 404, 39 S.W. 2d 39; Ex parte Travis, 123 Tex. 480, 73 S.W.2d 487; Mozingo v. Mitchell, Tex.Civ. App., 220 S.W.2d 900. The proceeding declaring Billy a delinquent child was not a criminal, but was a civil, proceeding. Dendy v. Wilson, 142 Tex. 460, 179 S.W.2d 269, 151 A.L.R. 1217. The trial court had jurisdiction of the motion and entered judgment thereon disposing of it.

Points 1, 3, 4, and 5 therefore raise only matters which should have been complained of on a direct attack by appeal. The judgment is not void; therefore not subject to collateral attack by habeas corpus.

By point 6, appellants complain that no legal written notice of the original hearing to declare Billy a delinquent child was given to them. The record, as well as appellants' petition, shows that both Billy and his mother were present at the trial of the original proceeding wherein he was declared a delinquent child. Sec. 8, Art. 2338-1, supra, provides for written notice of the hearing, " * * * unless the parties hereinafter named shall voluntarily appear, * * *." The persons named are the person or persons having custody or control of the child. Under the circumstances, since notice was not necessary here, point 6 is overruled.

By points 7 and 8, appellants assign error in the trial court's proceeding to trial in the original delinquency hearing without consulting Billy or his mother as to whether they desired counsel, and as to whether they desired a jury trial. These are matters which should have been complained of in the original proceeding, or by appeal therefrom, and they cannot be taken advantage of in this collateral proceeding. Further, these matters would not have constituted reversible error on a direct appeal from the original judgment declaring Billy a delinquent child, since it was not necessary for the court, or the state's attorney, to ask the child or his mother as to whether or not they desired counsel or desired a jury trial. Dudley v. State, Tex.Civ.App., 219 S.W.2d 574, writ ref.; sec. 13, Art. 2338-1, supra; Dendy v. Wilson, 142 Tex. 460, 179 S.W.2d 269, 151 A.L.R. 1217, syl. 8. Points 7 and 8 are overruled.

Point 9 complains of Billy's being committed to the Gatesville School " * * * for a period of one year from the date of this commitment, not extending beyond the time when such child shall reach the age of 21 years, and subject to modification or revocation from time to time." The commitment recites that Billy is " * * * of the age of 14 years, having been born the 18th day of July, 1935." The same facts are recited in the judgment on which the commitment was issued.

In the original proceeding the primary fact to be determined was whether Billy was a delinquent child. When the trier of the facts found Billy a delinquent child, he automatically came under such court's jurisdiction until he should reach the age of 21 years, perforce of sec. 5, Art. 2338—1, third paragraph, reading as follows: "When jurisdiction shall have been obtained by the court in the case of any child, such child shall continue under the jurisdiction of the court until he becomes twenty-one (21) years of age, unless discharged prior thereto; such continued jurisdiction shall, however, in no manner prejudice or constitute a bar to subsequent or additional proceedings against such child under the provisions of this Act."

Sec. 13, Art. 2338-1, provides that after the child is adjudged a delinquent child, " * * * the court may by order duly entered proceed as follows: (1) place the child on probation or under supervision in his own home or in the custody of a relative or other fit person, upon such terms as the court shall determine; (2) commit the child to a suitable public institution or agency, or to a suitable private institution or agency authorized to care for children;

or to place them in suitable family homes or parental homes for an indeterminate period of time, not extending beyond the time the child shall reach the age of twenty-one (21) years; (3) make such further disposition as the court may deem to be for the best interest of the child, except as herein otherwise provided." These provisions of the statute are read into the judgment.

Under the judgment entered here first declaring Billy a delinquent child, the court acquired jurisdiction of the child until he is 21 years of age. The paragraph with reference to the commitment is ancillary to the adjudication of delinquency and is subject to modification from time to time within the terms of subdvs. 1, 2, and 3 of sec. 13, supra, and sec. 14, Art. 2338—1, V.A.C.S.

The judgment committed Billy, for the first year, to the Gatesville State School for Boys, after which he will be discharged from that institution; but he is thereafter subject to again being placed in such custody as the trial court is authorized to place him, under sec. 14, Art. 2338-1. Point 9 is overruled.

Point 10 asserts error in committing the child to the Gatesville School "without investigating as to said school, or the surroundings in the home of said minor." Without a statement of facts, we must presume that the court in the original delinquency proceeding acted correctly, since the record here does not show the judgment void on its face.

But even if this were on appeal from the original judgment declaring Billy a delinquent child, under the court's findings of fact there would be no reversible error shown. The trial court is only required to exercise a sound discretion, and there is no mandatory duty on the trial court to place the child in the home of even exemplary parents, rather than in the Gatesville School. Sec. 13, Art. 2338—1, V.A.C.S., only places on the court the duty to exercise its sound discretion and make such provision for the custody of the juvenile as will serve the child's best wel-

fare and the best interests of the State. Dudly v. State, supra.

Points 11 to 14, inclusive, complain of the committing of Billy, (11) without direct testimony as to the insulting remarks to a named lady, (12) on the finding that he was a nuisance to law enforcement officers of the county, (13) the "error of the trial court for its failure of consistent and prejudicial findings as to its conclusions of law and findings of fact" and (14) in failing to sustain the exceptions and objections of appellants, especially those sworn to. and not contested. As hereinbefore stated, the present proceeding is a collateral, not a direct, attack on the judgment declaring Billy a delinquent child. There are findings of fact in the original delinquency proceeding sufficient to form a basis for the judgment rendered by the court, See sec. 3, Art. 2338—1, subsections (a to g), inclusive, and it is presumed the judgment is based only on those findings which form such legal support therefor. These assignments are overruled, and the judgment below is affirmed.

All Justices concur.