356 So.2d 48 (1978)
W.J.W., a Juvenile, Appellant,
v.
STATE of Florida, Appellee.
No. FF-35.
District Court of Appeal of Florida, First District.
March 13, 1978.
*49 Michael J. Minerva, Public Defender, Theodore E. Mack, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., A.S. Johnston, Asst. Atty. Gen., for appellee.
MILLS, Judge.
W.J.W., a 14-year-old juvenile, was charged with being a delinquent because he was upon a street, alley, park or other public place, between the hours of 11:00 P.M. and 5:00 A.M., not being accompanied by his parent or guardian, contrary to Pensacola Code 122.14. He moved to dismiss the charge on the ground that the ordinance was unconstitutional. The court denied the motion and W.J.W. pled nolo contendere reserving the right to appeal the denial of his motion. The court withheld adjudication and committed W.J.W. to Youth Services. W.J.W. appeals. The sole issue raised by this appeal is whether Pensacola Code 122.14 is constitutional.
The curfew ordinance provides:
"§ 122.14. Curfew for minors.
During the nighttime between the hours of 11:00 p.m. and 5:00 a.m. of the next succeeding day, in each and every day of the year, no child under the age of sixteen (16), unless accompanied by his parent or guardian, shall be in or upon any street, alley, park or other public place or shall attend any public entertainment or amusement. All children under the age of sixteen (16) regularly employed in a gainful occupation shall be exempt from the provisions of this section upon the production of credentials *50 satisfactorily, in the opinion of the chief of police of the city, certifying to the employment of such minor child, provided such employment is in conformity with the laws of the state relating to the employment of children. It shall be unlawful for the parent or guardian of any child under the age of sixteen (16) years to allow or negligently suffer such child to violate any provisions of this section."
The obvious purpose of the ordinance is to control the activities of children under the age of sixteen during the late hours of the night. But to accomplish this purpose the ordinance prohibits children under the age of sixteen from participating in school, recreational and church activities, to name a few, because in going to or coming from the activities, the child would be upon a street, alley, park or other public place. The ordinance would make many activities unlawful which otherwise would be lawful. The general right of every person to engage in lawful activity, while subject to reasonable restriction, cannot be completely taken away under the guise of police regulation. An ordinance to the contrary is an arbitrary invasion of the inherent personal liberties of all citizens. Thus, since it cannot be said that prohibition against the mere presence of a child under the age of sixteen on a street or park or other public place between 11:00 P.M. and 5:00 A.M. for a purpose other than required by his occupation or unless accompanied by his parent or guardian has any real relationship to the primary purpose of the statute, it therefore constitutes an invasion of personal rights and liberties and for that reason is unconstitutional. Alves v. Justice Court of Chico Judicial District, 148 Cal. App.2d 419, 306 P.2d 601 (Cal.3d DCA 1957).
Restraining children under the age of sixteen years from freely walking upon the streets or other public places when no emergency exists is incompatible with the freedoms of speech, association, peaceful assembly and religion secured to all citizens of Florida by Article I of the Florida Constitution. People v. Chambers, 32 Ill. App.3d 444, 335 N.E.2d 612 (Ill.2d DAC 1975). The ordinance before us fails to mention an emergency situation nor does the record show such a situation.
We hold Pensacola Code 122.14 to be unconstitutional. The courts in the Alves and Chambers cases held almost identical ordinances to be unconstitutional. See also Ex Parte McCarver, 39 Tex.Cr.R. 448, 46 S.W. 936 (Tex.Crim. 1898).
The order of adjudication disposition is reversed because it is based on an unconstitutional ordinance.
McCORD, C.J., and BOYER, J., concur.