431 So.2d 339 (1983)
S.W., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 82-1913.
District Court of Appeal of Florida, Second District.
May 18, 1983.
*340 Jerry Hill, Public Defender, and Deborah A. Adamson, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Theda James Davis, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Acting Chief Judge.
S.W., a fifteen year old child, was adjudicated delinquent for violating a curfew ordinance of the City of Palmetto. S.W. attacks the constitutionality of Palmetto, Fla., Ordinance No. 483 (1955), which reads in pertinent part:
Sec. 17-18. Imposed on minors.
It shall be unlawful for any minor child under the age of seventeen (17) years to be on the streets, in the alleys, in any restaurant or store, in any place of amusement, in any barroom, saloon or place where beer, wine or spirituous liquor of any kind is sold, in any billiard or poolroom, in any bowling or tenpin alley, in any theater, in any public hall, in any place used for public exhibitions or games, in any other house for public entertainment, or in any other public place in the city after 10:00 p.m. or before 5:00 a.m.; provided, however, that any such minor child may be on or in any such places between such hours at night, who is properly attended by or is in the company of such minor child's parent, guardian or other person lawfully entitled to and having the legal care, control and custody of such minor child, or if such minor child shall have a written permit therefor from the chief of police of the city as hereinafter provided.
Sec. 17-19. Permit.
The parent, guardian or other person lawfully entitled to and having the legal care, control and custody of any minor child under the age of seventeen (17) years shall, in a case of emergency or necessary special occasion, make personal application to the chief of police of the city for a written permit for such minor child to be out later than provided in section 17-18 for a designated specific period of time and at a designated specific place for such case of emergency or necessary special occasion; provided, however, if in the judgment of the chief of police the granting and issuance of such written permit would be detrimental to the best interests, morals or welfare of such minor child or of the city, the chief of police shall decline and refuse to issue such written permit.
Sec. 17-20. Late employment.
Any minor child between fourteen (14) and seventeen (17) years of age may be employed in a concert or theatrical performance up to 11:00 p.m., but shall obtain a written permit from the chief of police of the city to be out later than provided in this article.
*341 In W.J.W. v. State, 356 So.2d 48 (Fla. 1st DCA 1978), our sister court addressed the constitutionality of a Pensacola curfew ordinance which prohibited children under sixteen years of age from being "in or upon any street, alley, park or other public place" or attending "any public entertainment or amusement" between the hours of 11:00 p.m. and 5:00 a.m. In the course of invalidating the ordinance, the court said:
The obvious purpose of the ordinance is to control the activities of children under the age of sixteen during the late hours of the night. But to accomplish this purpose the ordinance prohibits children under the age of sixteen from participating in school, recreational and church activities, to name a few, because in going to or coming from the activities, the child would be upon a street, alley, park or other public place. The ordinance would make many activities unlawful which otherwise would be lawful. The general right of every person to engage in lawful activity, while subject to reasonable restriction, cannot be completely taken away under the guise of police regulation. An ordinance to the contrary is an arbitrary invasion of the inherent personal liberties of all citizens. Thus, since it cannot be said that prohibition against the mere presence of a child under the age of sixteen on a street or park or other public place between 11:00 P.M. and 5:00 A.M. for a purpose other than required by his occupation or unless accompanied by his parent or guardian has any real relationship to the primary purpose of the statute, it therefore constitutes an invasion of personal rights and liberties and for that reason is unconstitutional... .
Restraining children under the age of sixteen years from freely walking upon the streets or other public places when no emergency exists is incompatible with the freedoms of speech, association, peaceful assembly and religion secured to all citizens of Florida by Article I of the Florida Constitution.
356 So.2d at 50 (citations omitted). We note that the Palmetto ordinance is more restrictive than the Pensacola ordinance because it raises the age limit by a year and sets the time of curfew an hour earlier in the evening.
Government has a legitimate right to enact laws for the protection of minors, but such laws must reasonably relate to their purpose without unduly limiting individual freedoms. The Palmetto ordinance prohibits minors from participating in a myriad of legitimate activities that occur in public places after 10:00 p.m. It bristles with the potential for selective enforcement. It does not purport to have been enacted to meet an emergency. The provision authorizing the police chief to make a special exception lacks sufficient guidelines within which to exercise his authority. The portion of the ordinance which prohibits the presence of minors where alcohol is sold might be valid by itself, but it cannot be effectively severed from the balance.
The relationship between the practice of barring children sixteen years of age or younger from public places unless accompanied by a parent or guardian and the objective of safeguarding minors is not compelling enough to justify the serious invasion of personal rights and liberties. See Alves v. Justice Court of Chico Judicial District, 148 Cal. App.2d 419, 306 P.2d 601 (1957); Hayes v. Municipal Court of Oklahoma City, 487 P.2d 974 (Okl.Cr.App. 1971); Ex Parte McCarver, 39 Tex.Crim. 448, 46 S.W. 936 (1898); City of Seattle v. Pullman, 82 Wash.2d 794, 514 P.2d 1059 (1973). We, therefore, declare the City of Palmetto ordinance No. 483 unconstitutional.
REVERSED.
DANAHY and SCHOONOVER, JJ., concur.