

# THE ATTORNEY GENERAL
## OF TEXAS

February 23, 1988

JIM MATTOX
ATTORNEY GENERAL

Honorable Abelardo Garza
Duval County Attorney
P. O. Drawer M
San Diego, Texas    78384

Opinion No.  JM-863

Re:    Whether a county may
set a curfew for minors on
public property  (RQ-1238)

Dear Mr. Garza:

You ask whether the Duval County  Commissioners Court
may enact an ordinance  setting a curfew for  minors found
on public property within the county.

Article V,  section  18,  of the  Texas  Constitution
gives to a commissioners court

> such powers and jurisdiction as is conferred
> by this  constitution and  the laws  of  the
> state, or as may be hereafter prescribed.

Under this provision,  a commissioners court  may exercise
only those powers that the Texas Constitution and statutes
specifically confer  upon it.  Canales  v. Laughlin,  214
S.W.2d 451 (Tex. 1948).  To answer your question, then, we
must look first to specific statutory grants of authority.

Several statutes confer  on commissioners courts  the
authority  to  exercise  control  over  particular  public
areas.  Article 2351, V.T.C.S., provides in part:

> Each commissioners court shall:
>
> . . . .
>
> 5.  Exercise  general  control  over  all
> roads,  highways,  ferries  and  bridges  in
> their counties.

Chapter 291 of the Local Government Code provides in part:

> §291.001.  Providing and Maintaining  County
> Buildings

> The commissioners court of a county shall:
>
> . . . .
>
> (3) maintain the courthouse, offices, and other public buildings.
>
> §291.003. Control of Courthouse
>
> The county sheriff shall have charge and control of the county courthouse, subject to the regulations of the commissioners court.

Finally, section 331.005 of the Local Government Code provides in part:

> (a) Parks acquired under this chapter [on municipal and county parks, museums and historic sites] are under the control and management of the municipality or county acquiring the park.

These provisions allow a commissioners court to regulate reasonably the use of county roads, buildings, and parks. They do not, however, allow a commissioners court to adopt regulations unrelated to the objectives behind the enabling statutes. See La Cour du Roi, Inc. v. Montgomery County, 698 S.W.2d 178, 187-88 (Tex. App. - Beaumont 1985, no writ). A juvenile curfew ordinance is, in our view, well beyond the intended scope of the statutes cited above. See generally Shipley v. Floydada Independent School District, 250 S.W. 159, 161, judgment adopted (Tex. Comm'n App. 1923).

Thus, a commissioners court lacks the authority to enact a juvenile curfew ordinance -- even if such an act would, as you suggest, promote "the safety and general welfare" of the community. Unlike home rule cities, counties have no general police power. Commissioners Court of Harris County v. Kaiser, 23 S.W.2d 840 (Tex. Civ. App. - Galveston 1929, writ ref'd). Counties are agencies for the administration of matters that are of state concern, rather than of municipal concern or of concern of any particular locality. Bexar County v. Linden, 220 S.W. 761 (Tex. 1920). Any powers conferred upon counties are duties imposed rather than privileges granted. Orndorff v. State, 108 S.W.2d 206 (Tex. Civ. App. - El Paso 1937, writ ref'd); see also Harrison County v. City of Marshall,

253 S.W.2d 67 (Tex. Civ. App. - Fort Worth 1952, writ ref'd) (contrasting powers of county with powers of city). Thus, a county is prohibited from acting solely on the basis of a general desire to promote the safety and general welfare of the community. See generally Attorney General Opinions MW-419 (1981) (county has no authority to prohibit discharge of sewage plant effluent into county roadside ditch); H-374 (1974) (county has no authority to regulate utility rates, establish minimum building and housing codes, license door-to-door salesmen, or require registration and bonding of home builders).

Moreover, whatever the justification behind it, a juvenile curfew ordinance would raise a number of troubling constitutional questions. In Attorney General Opinion MW-558 (1982), we held that juvenile curfew ordinances are not unconstitutional per se. We pointed out, however, that any such ordinance must pass a number of rigid constitutional tests; for instance, in order to be considered valid, the ordinance must protect the legitimate liberty and first amendment interests of juveniles affected. Johnson v. City of Opelousas, 658 F.2d 1065 (5th Cir. 1981); Ex parte McCarver, 46 S.W. 936 (Tex. Crim. App. 1898). In addition, the ordinance must not be broader than is necessary to achieve legitimate governmental purposes. Johnson v. City of Opelousas, supra; McCollester v. City of Keene, 514 F. Supp. 1046 (D.N.H. 1981), rev'd on other grounds, 668 F.2d 617 (1st Cir. 1982).

This latter requirement is especially troublesome when applied to county action. Attorney General Opinion MW-558 dealt with a curfew proposed by a city -- which, under its police power, has the right to protect the health, safety, morals, and general welfare of its citizens by any reasonable and necessary regulations. Lombardo v. Dallas, 73 S.W.2d 475 (Tex. 1934); see also Local Gov't Code §54.004. As noted above, a county, unlike a city, has no general police power; its "legitimate governmental purposes" are confined to those specifically enumerated by statute. Thus, in the absence of expansive statutory authority, any county curfew ordinance would probably be unconstitutionally overbroad.

Even if a county-wide juvenile curfew ordinance were authorized by statute, it would still be vulnerable to constitutional attack under the various tests set forth in MW-558. Recent years, moreover, have witnessed a heightening, rather than a lessening, of judicial scrutiny

in this area.  Compare Bykofsky v.  Borough of Middletown, 401 F. Supp.  1242 (M.D. Pa.  1975), aff'd, 535  F.2d 1245 (3d Cir.), cert. denied,  424 U.S. 964 (1976), with Allen v. City of Bordentown, 524  A.2d 478 (N.J. Super.  Ct. Law Div. 1987); see  also S.W. v.  State, 431 So.2d  339 (Fla. Dist.  Ct.  App.  1983).  Relevant  commentary  in  legal journals has reflected  this trend.  See Note, Assessing the Scope of Minors' Fundamental Rights:  Juvenile Curfews and the  Constitution, 97  Harv. L.  Rev. 1163-81  (1984); Note, Nonemergency  Municipal  Curfew Ordinances  and  the Liberty Interests of Minors,  12 Fordham Urb.  L.J. 513-61 (1984).

## S U M M A R Y

A commissioners court has no  authority to  enact  a  county-wide  juvenile  curfew ordinance.

Very truly yours,

*[signature: Jim Mattox]*

J I M   M A T T O X
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Karen C. Gladney
Assistant Attorney General